```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRUSTEES OF THE NORTHEAST CARPENTERS
HEALTH, PENSION, ANNUITY, APPRENTICESHIP,
and LABOR-MANAGEMENT COOPERATION            MEMORANDUM & ORDER
FUNDS,                                      17-cv-3265 (DRH)(AYS)
                        Petitioners,

        -against-

J&A CONCRETE CORP.
Respondent.
----------------------------------------------------------------X
```

**APPEARANCES:**

**For Petitioners:**
Virginia & Ambinder LLP
40 Broad Street
New York, NY 10004
By:     Nicole Marimon, Esq.

**HURLEY, Senior District Judge:**

Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds (the "Funds" or "Petitioners") commenced this proceeding on May 31, 2017 to confirm and enforce an Arbitrator's Award rendered on April 24, 2017, against Respondent J&A Concrete Corp. ("J&A") pursuant to a collective bargaining agreement (the "CBA") between the Northeast Regional Council of Carpenters ("Union") and Eagle.  For the reasons that follow, the petition is granted.

1

## BACKGROUND

The following facts are taken from the Petition and exhibits thereto, which stand undisputed in that no response to the petition has been filed and the time in which to do so has expired.

J&A is a member of the Association of Concrete Contractors of New York, Inc. (the "Association"). (Petition ¶ 7; Ex. A.) As a member of the Association, J&A agreed to be bound by the CBA between the Association and the Union. (Petition ¶ 8; Ex. B.) The CBA required J&A to make contributions to the Empire State Carpenters Annuity, Apprenticeship, Pension, and Welfare Funds (the "ERISA Funds"). (Petition ¶ 9; Ex. B.) The CBA was effective from June 11, 2011 through May 31, 2016. (Petition ¶ 10; Ex. B.) The CBA continued to be in effect from year to year thereafter, unless one of the parties notified the other in writing of a desire to modify the CBA. (*Id.*) Neither J&A nor the Union provided written notice to the other party to modify or terminate the CBA. (Petition at ¶ 11.)

The CBA provides that J&A "shall be bound by and shall comply with the agreements, declarations of trust, plans and/or regulations of the fringe benefit funds, and the labor management cooperation committees, so designated." (Petition at ¶ 12; Ex. B at Art. 16(a).) This requirement extends to the Joint Policy for Collection of Delinquent Contributions (the "Collection Policy") which requires an employer to submit to a payroll audit upon request by the Funds. (Petition ¶ 14; Ex. C.) Under the Collection Policy, (1) interest on delinquent contributions is to be calculated at the rate of 0.75% per month; (2) liquidated damages are calculated from the due date at the rate of 20% of delinquent contributions; (3) in the event an employer fails to remit funds, the matter shall be sent to arbitration before the Funds' designated arbitrator; and (4) the employer is liable for all costs incurred in collecting delinquent

2

contributions including audit costs, arbitration fees, and attorneys' fees. (Petition ¶¶ 15–16, 19–20; Ex. C.)

Pursuant to the Collection Policy, the Funds conducted an audit of Respondent resulting in a determination that J&A failed to remit contributions in the amount of $76,881.90. (Petition at ¶ 18.) Petitioners then initiated arbitration before the designated arbitrator, J.J. Pierson, and sent notification thereof to J&A by certified mail. (Petition at ¶ 21; Ex. D.)

After a hearing, the arbitrator rendered a written award, dated April 24, 2017, determining the dispute. (Petition at ¶ 22; Ex. E.) The arbitrator found that J&A was in violation of the terms of the CBA and ordered it to pay the Funds the sum of $112,946.52, consisting of a principal deficiency of $76,881.90, interest of $11,294.18, audit costs of $6,714.25, additional interest of $1,029.81, liquidated damages of $15,376.38, attorneys' fees of $900.00, and the arbitrator's fee of $750.00. (Petition ¶ 23; Ex. E.)

J&A has failed to abide by the award, which has not been vacated or modified, and no application for such relief is currently pending. This petition is timely, as it was filed within the one year statute of limitations applicable to a petition to confirm an arbitrator's award. (Petition ¶¶ 24-27.)

## DISCUSSION

### I. Relevant Standard-Unanswered Petitions to Confirm an Award

The Second Circuit has held that "default judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006); *see also Laundry, Dry Cleaning Workers & Allied Indus. Health Fund, Unite Here! v. Jung Sun Laundry Group Corp.*, 2009 WL 704723, at *3 (E.D.N.Y. Mar. 16, 2009) ("default judgments

3

are generally inappropriate in proceedings to confirm an arbitration award"). Instead, since a petition to confirm an arbitration award typically is accompanied by a record, district courts should treat an unanswered petition to confirm an arbitration award "as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110; *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. and Indus. Fund v. Alliance Workroom Corp.*, 2013 WL 6498165, at *4 (S.D.N.Y. Dec. 11, 2013).

## II. The Award is Confirmed

### A. Liability

Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court . . . and the court must grant the award unless the award is vacated, modified or corrected." *D.H. Blair,* 462 F.3d at 110 (citing 9 U.S.C. § 9) (internal quotation marks omitted). "[C]ourts must grant an arbitrator's decision great deference." *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor–Mgmt. Cooperation, Pension & Welfare Funds v. HVH Enter. Corp.*, 2014 WL 923350, at *3 (E.D.N.Y. Mar. 10, 2014) (citation omitted) (brackets omitted). The arbitrator's reasoning for an award does not require an explanation, "and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair*, 462 F.3d at 110 (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir.1991). Indeed, "[o]nly a barely colorable justification for the outcome reached by the arbitrator is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 111 (internal quotation marks omitted).

Petitioners have established that there remains no genuine issue of material fact for trial. The documentation before this Court establishes that Respondent was bound by the CBA and

4

Collection Policy during the relevant time period, that the Funds complied with the collection policy, and that the dispute was submitted to arbitration with due notice to the Respondent. Based upon sworn testimony and examination of the evidence, the Arbitrator reasonably determined Respondent failed to remit requested contributions to the Funds. That the Court does not have all the documentation on which the Arbitrator relied does not preclude confirmation of the award as his "decision can be inferred from the facts of the case." *D.H. Blair*, 462 F .3d at 110 (citation omitted). Moreover, the arbitration award has not been "vacated, modified or corrected" and there appears to be no basis to do so.

**B.     Damages**

As previously noted, the arbitrator ordered Respondent to pay the Funds the total sum of $112,946.52, the components of which were listed supra. (Petition ¶ 23; Ex. E.) As the Arbitrator granted these sums in accordance with the CBA and Collection Policy, he has provided far more than a "barely colorable justification." *Marine Pollution Serv., Inc. v. Local 282*, 857 F.2d 91, 94 (2d Cir. 2013).

**C.     Interest**

Under ERISA, "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1332(g)(2). Moreover, when interest is accruing during the pendency of the action and it is explicitly requested in the complaint, such interest shall be awarded. *Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y.2005). Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the rate of 0.75% per month, and such an amount was explicitly sought in the petition. Accordingly, Respondent will be ordered to pay

interest of 0.75% per month, from the date of the arbitration award (April 24, 2017) to the date of judgment.

    D.    **Attorney's Fees and Costs**

Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), "the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ." To determine a reasonable attorney's fee, a court must calculate a "lodestar figure" which is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate, yielding a presumptively reasonable fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir.2008); *see also Stanczyk v. City of N.Y.*, 752 F.3d 273, 284 (2d Cir.2014). This "presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir.2009) (quoting *Arbor Hill*, 493 F.3d at 117). The Second Circuit has explained that the lodestar rates should be comparable to those paid to attorneys who perform similar work. The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits." *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir.1983).

"[R]easonable fees in this district vary from . . . $100 to $295 per hour for associates . . . ." *Trustees of Empire State Carpentars Annuity, Apprenticeship, Labor-Mgmt Coop. Pens. & Welfare Funds v. FMC Constr.*, 2014 WL 1236195 at *11 (E.D.N.Y. Mar. 25, 2014) (citations omitted); *accord Gesualdi v. Greenwood 2 Inc.*, 2014 U.S. Dist. LEXIS 45795 at

*19 (E.D.N.Y. Mar. 12, 2014) (approving rates of "$225 per hour for junior associates). The party seeking the attorney's fees must provide "sufficient evidence to support the hours worked and the rates claimed[.]" *Id.* (citation omitted).

Plaintiffs have submitted contemporaneous time records reflecting the task completed, date, and hours worked. (*See* Petition ¶¶ 29–34; Ex. F.) The total billings amount to $292.50 reflecting 1.3 hours of work by one associates at the rate of $225.00 per hour. Plaintiffs have failed to submit evidence of the requested costs for filing fees and service fees. While the Court can verify the cost of the filing fees on the docket, the Court has no way to verify that service cost more than the $0 shown on the proposed summons. (Attach. 8 to Petition.) Therefore, the Court will only award the $400.00 court filing fee for a total of $692.50. The attorneys' fees and costs are reasonable. *See generally Martone v. HST Roofing, Inc.,* 2007 WL 595054 at *3 (E.D.N.Y. Feb. 22, 2007) (holding up to 20 hours of work on an ERISA default judgment to be reasonable); *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir.1973) ("costs" generally include such expenses as filing fees).

## CONCLUSION

For the reasons set forth above the petition to confirm the arbitration award dated April 24, 2017, is granted. The Clerk of Court shall enter judgment in favor of Petitioners and against Respondent confirming the April 24, 2017 arbitration award of J.J. Pierson and awarding Petitioners the full amount of the arbitration award ($112,946.52) plus attorneys' fees and costs in the amount of $692.50, and prejudgment interest on the $76,881.90 in unpaid contributions at

the rate of 0.75% per month, from the date of the arbitration award (April 24, 2017) to the date of judgment.  The Clerk of Court is directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
       October 5, 2017                              s/ Denis R. Hurley
                                                          Denis R. Hurley
                                                          United States District Judge